1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

9

10 | JUAN LOPEZ and NICHOLAS
DIXON, individually and on behalf of

11 | all other similarly situated individuals,

12 |         Plaintiffs,

13 |     v.

14 | STAMPS.COM, INC.,

15 |         Defendant.

CASE NO. 2:18-cv-01101 DSF (KSx)

**ORDER GRANTING MOTION FOR ATTORNEYS' FEES, LITIGATION/ SETTLEMENT ADMINISTRATION EXPENSES, AND CLASS REPRESENTATIVE SERVICE AWARDS**

16

17

18

19

20

21

22

23

24

25

26

27

28

The Court orders and determines as follows:

1.      The Court has jurisdiction over the subject matter of this action, the Defendant, and the Class.

2.      Notice of the requested award of attorneys' fees, reimbursement of litigation expenses, reimbursement of settlement administration expenses, and awards of class representative service payments was directed to Class Members in a reasonable manner and complies with Rule 23(h)(1) of the Federal Rules of Civil Procedure.

3.      Class Members and any party from whom payment is sought have been given the opportunity to object in compliance with Rule 23(h)(2).

4.      The Court confirms as final the appointment of Juan Lopez and Nicholas Dixon as Class Representatives of the FLSA Collective and the California Rule 23 Class.

5.      Juan Lopez and Nicholas Dixon request a class representative service award of $5,000 each.  Neither submits evidence concerning the hours expended or any of the other factors generally considered in evaluating such a request.  Mr. Stoops provides a rather vague estimate of between 25 and 50 hours for the services performed.  Based on this minimal amount of information, the Court concludes a representative service award of $1,250 for each is a fair and reasonable amount in light of the time and effort the Class Representatives expended for the benefit of the Class Members.  The Court approves payment of class representative service awards in that amount.

6.      The Court confirms Kevin Stoops of Sommers Schwartz, P.C. as Class Counsel.  Mr. Stoops was assisted by others at Sommers Schwartz, P.C. as well as David Yeremian of David Yeremian & Associates, Inc.[1]

---

[1] Having reviewed the number of hours and the tasks performed by the various attorneys and firms, the Court concludes it is appropriate to designate only Mr. Stoops and his firm as Class Counsel.

1      7.      The Court finds and determines that $155,187.90 in attorneys' fees, or

2    25% of the common fund (after deducting the amount attributable to satisfy

3    Defendant's share of payroll taxes related to the wage payments made under the

4    Settlement, and the amount awarded for costs) is reasonable under the percentage

5    of the common fund method.  The Court need not determine counsel's lodestar and

6    specifically declines to make any finding concerning counsel's hourly rates, hours

7    billed, or multiplier.

8      8.      Within 10 days of this Order the Settlement Administrator will wire

9    transfer 90% of the attorneys' fee award to Sommers Schwartz, P.C., and Sommers

10   Schwartz, P.C. will be responsible for distribution of fees to other counsel,

11   including David Yeremian & Associates, Inc., as appropriate.  When all payments

12   have been made to the Class Members, Mr. Stoop will provide to the Court a

13   declaration to that effect and a proposed order for payment of the remaining fees.

14     9.      The Court finds and determines that reimbursement of litigation

15   expenses in the amount of $15,784[2] is reasonable and justified.

16     10.     The Court finds and determines, pursuant to the terms of the

17   Settlement, that within 10 days of this Order the Settlement Administrator will

18   wire transfer the expenses to Sommers Schwartz, P.C., and Sommers Schwartz,

19   P.C. will be responsible for distribution of litigation expenses as appropriate.

20     11.     Settlement Administrator, Simpluris, Inc. has filed a declaration

21   identifying the work it has performed and will perform in this matter and

22   identifying its total invoice amount of $11,607.00.

23

24

25   [2] The Court declines reimbursement for $650 in pro hac vice fees.  The Court also
     finds the travel/lodging expenses of Sommers Schwartz P.C. to be excessive.
26   Counsel complied with the Court's request for invoices, receipts, etc. but the
     documents are somewhat confusing and not well-organized.  It seems a firm with
27   the expertise Mr. Stoops describes should have a better method of tracking costs.
     In addition, counsel provided no proposed reduction for first class and business
28   class travel.  The Court therefore reduces the costs to be awarded for travel/lodging
     by approximately 1/3.

3

1      12.      Based on the explanation of counsel, the Court finds these settlement

2   administration expenses are fair, reasonable, and appropriate and awards

3   reimbursement of that amount to Simpluris, Inc., from the Total Settlement

4   Amount.

5

6         IT IS SO ORDERED.

7   DATED:  May 20, 2019

8                                          Honorable Dale S. Fischer
                                          UNITED STATES DISTRICT JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28